## Stephen Schwallenberg *vs.* Joshua Jennings, Administrator of Grayson Jennings.

*Authority of the Orphans' Court under the Act of 1870, ch. 82, to order property sold by an Administrator, to be Resold at the risk and cost of the Purchaser, upon his failure to comply with the Terms of Sale—Orphans' Court without authority to allow the Claim of a purchaser at an Administrator's Sale, against the Estate of the deceased, as a credit upon the Purchase money, against the consent of the Administrator—Claim of a Purchaser at an Administrator's Sale, against the Estate of the deceased, occupies no better position than the claim of any other Creditor of the Estate.*

Under an order of the Orphans' Court, an administrator sold certain leasehold property, which belonged to his intestate at the time of his death. The sale was duly reported to, and ratified by the Orphans' Court. The purchaser refused to comply with the terms of sale, and the administrator applied for an order to resell the property. The purchaser in his answer, admitted the sale and its ratification by the Court; denied that he had refused to comply with the terms of sale, but claimed that the estate of the deceased was largely indebted to him, and asked that the debt so due to him might be credited on the purchase money. The Court passed an order directing compliance on the part of the purchaser with the terms of sale, on or before a day specified, or to show good cause to the contrary, and on failure to comply therewith, an order would be passed for a resale of the property at his risk and cost. No cause having been shown, and the purchaser having failed to comply with the terms of sale, the Court passed an order directing a resale of the property at the risk and cost of the purchaser. On appeal from this order, it was Held:

1st. That under the Act of 1870, ch. 82, amendatory of section 282 of Article 93 of the Code, the Orphans' Court had the power to order the sale of the property in question, or whatever title the deceased had therein, and upon its ratification by the Court, and the refusal of the purchaser to comply with the terms as reported and ratified, to pass the order requiring him to

Schwallenberg *vs.* Jennings, Adm'r.

comply with said terms, or to show good cause to the contrary by the day specified therein, and upon his failure to do so, to order the resale at his risk and cost.

2nd. That the Orphans' Court had no authority to order or decree the allowance of the claim of the purchaser, as a credit on the purchase money, against the consent of the administrator ; its payment could only be enforced by resort to a Court of law.

3rd. That the purchaser had no right to insist upon the allowance of his claim as a proper credit upon the purchase money ; his purchase did not change the character of his claim ; like the claim of any other creditor of the estate of the deceased, it could only be allowed and paid in the due course of the administration of the assets of the estate.


APPEAL from the Orphans' Court of Baltimore City.

The case is stated in the opinion of the Court. The order of the Orphans' Court of the 29th of June, 1875, referred to in the opinion of this Court, adjudged, ordered and decreed, that if the said Stephen Schwallenberg do not upon the tender to him at any time on or before the first day of August next, after the date hereof, of a conveyance of all the interest, legal and equitable, of the estates of Joshua Jennings, the father, and of Grayson Jennings, the son, in and to the said leasehold estate in the said parcel of ground sold to him, either by a joint deed of the two administrators of the said estates respectively, or by a separate deed of each, comply with the terms of his said purchase as stated in the present petition and expressly or impliedly admitted correct by himself ; the petitioner, as administrator of the estate of Grayson Jennings, do, after the usual notice by publication in one or more newspapers, of the time, place and terms of sale and description of the property, resell the said leasehold estate upon the same terms as heretofore ordered, at the risk and cost of the said Stephen Schwallenberg. It is further ordered, adjudged and decreed, that if the petitioner, as administrator as aforesaid, do not, on or before

the first day of August next, as aforesaid, tender to the acceptance of the said Stephen Schwallenberg, a conveyance such as is hereinabove mentioned in this behalf, the order of this Court of the 26th April, 1875, finally ratifying the sale hereinbefore mentioned to the said Schwallenberg, .be and the same thereupon shall be, and stand rescinded, and the petitioner, as administrator, do make a new sale of the said leasehold estate, under the authority of the original order of sale made by this Court on the 4th day of March, 1872.

The cause was submitted on briefs to BARTOL, C. J., STEWART, MILLER and ALVEY, J.

*W. H. Cowan,* for the appellant.

*Joseph S. Heuisler* and *E. Beatty Graff,* for the appellee.

STEWART, J., delivered the opinion of the Court.

This is an appeal from the orders of the Orphans' Court of Baltimore City, directing a resale of leasehold property belonging to the estate of Grayson Jennings, at the risk and cost of the appellant.

In his brief, the counsel of the appellant states that it is impossible to submit to this Court the questions especially intended, because of the omission of important papers from the record. If the appellant was not satisfied with the record as transmitted, he had the right under 30th sec. Art. 29 of the Code, in an application for a writ of diminution, to specify in writing, the parts requisite to be supplied, and have them furnished.

Under the 13th rule, adopted by this Court, 29 *Md.,* 6, the 'Register of Wills, in making out a transcript of the record of proceedings, is prohibited from incorporating therein any paper or proceeding not necessary to the determination of the appeal. ,

The counsel of the appellant, however, submits his points upon the record as it is, and it is only the case as found therein that we can review.

It appears that Joshua Jennings, administrator of Grayson Jennings, under the order of the Orphans' Court, of the 4th March, 1872, sold the property in question to the appellant, on the 24th March, 1875. The sale was duly reported to, and ratified by, the Orphans' Court. The appellant refused to comply with the terms of sale. The appellee, on the 13th of May, applied for an order to resell the property. The appellant, by his answer, admits the sale to him, and its ratification by the Court—denies his refusal to comply with the terms of sale, but claims to be allowed, as a credit on the purchase, for the amount of a claim he alleges he holds against the estate of Grayson Jennings.

The Orphans' Court, on the 4th of June, 1875, passed an order directing compliance, on the part of the appellant, with the terms of sale, on or before the 10th of June following, or to show good cause to the contrary, and on failure to comply therewith, an order would be passed for a resale of the property at his risk and cost. No cause having been shown, and no compliance with the terms of sale, the Court, on the 2nd of August, 1875, referring to its order of 29th of June, 1875, passed the final order for the resale of the property.

Under the Act of 1870, ch. 82, amending the 282 sec. of Art. 93 of the Code, the Orphans' Court had the power to order the sale of the property, or whatever title Grayson Jennings had thereto, and upon its ratification by the Court, if the appellant, as the purchaser, failed, neglected or refused to comply with the terms as reported and ratified, to pass the order requiring compliance therewith, or to show good cause to the contrary, by the day specified therein ; and upon his failure, to order a resale at his risk, or to enforce compliance with the order passed, by attachment.

We do not find in the record that the appellant made any objection to the sale, on account of the title or otherwise, but merely claimed a credit on the purchase, the order for the sale is not in the record, nor the report of the sale, as to what was the nature of the title sold—if the administrator merely sold the title of Grayson Jennings, which was all, strictly, that he was obliged to sell; it was not incumbent upon him to convey any other title.

It seems, however, that the Court, with a view of rendering substantial justice between the parties, and upon the theory that an unincumbered title had been sold, and that such title ought to be made to the appellant; and finding that such title could be made, undertook, with the consent of the counsel for the party having a lien on the property for balance of the purchase money, to order a tender of such title to be made to the appellant, and on failure of such title being tendered, the sale to be vacated.

Accordingly, it appears, such title was tendered, but the appellant persisted in his refusal—much comment was made by the appellant's counsel in his brief, upon this effort of the Court to secure a good title to his client, which seems not to have been appreciated; but we fail to discover the force or justice of such objection.

In reference to these incidental or collateral proceedings of the Orphans' Court, resulting in relieving the property of incumbrance for the benefit of the appellants, they furnish no cause for the reversal of the order, and the appellant has no right to interpose objection thereto.

Where the party having the legal title is in Court, ready and willing to convey that title as in this case, the Court did not exceed its authority; but, under other circumstances, it may be proper, to prevent misconstruction, to state, the Court would not have authority to compel such transfer of title in another party, being in the nature of a proceeding to enforce specific performance—strictly pursuing the line of his official duty, the administrator, ordi-

narily, is only obliged to sell such title as he is prepared to convey ; but where an unincumbered title can be made, by the consent and concurrence of all parties interested, and the property will, thereby command a be tter price, there can be no valid objection thereto, and the sale ought not to be invalidated on that account.

But it was neither the duty of the administrator, nor of the Orphans' Court, to make any other title to the purchaser, than that held by Grayson Jennings, unless he had sold such title. The appellant having an unincumbered title offered him, was totally without excuse for refusal to comply with the terms of sale.

The simple question before us, is, as to the power of the Orphans' Court, to authorize the resale of the property, under the circumstances of this case, at the risk and cost of the appellant; and whether he had the right to insist upon the allowance of his claim, as a credit upon the purchase.

He admits the purchase of the property, and avers his readiness to comply therewith, and denies his refusal to do so ; but, at the same time, insists upon his right to be credited with a claim, he alleges he holds against the estate.

That is, in substance, he was willing to comply with the purchase, if his terms were agreed to ; but he had purchased the property, according to the terms prescribed by the Orphans' Court, and he had no right to dictate other terms.

He was ready to comply, if his claim against the estate was allowed as a credit ; but the claim was not admitted by the administrator, as we understand from the record ; and the Orphans' Court had no authority to order or decree its allowance as a credit, against the consent of the administrator, and the only remedy to enforce its payment, was by resort to a Court of law. *Miller, Adm'r of Pottinger vs. Dorsey,* 9 *Md.,* 317.

He had no right whatever to insist upon its allowance as a proper credit on the purchase. His purchase did not

change the character of his claim. Notwithstanding his purchase, his claim had to take the same course, as to its allowance and payment, in the due course of the administration of the assets of the estate, as required of creditors who had not purchased any property.

It would have been impossible for the administrator to have closed up the estate under the testamentary law, governing his action by making such a settlement with him, as proposed.

We have been referred to no provision of the law, authorizing such a mode of administration, and are aware of none. The order of the Orphans' Court, directing a resale of the property will be affirmed, and the cause remanded.

*Order affirmed, and*
*cause remanded.*

(Decided 21st January, 1876.)